IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH OBERDORF, | : | Case No. 4:15-cv-01880 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| PENN VILLAGE FACILITY | : | |
| OPERATIONS, LLC d/b/a | : | |
| MANOR AT PENN VILLAGE | : | |
| and CONSULATE MANAGEMENT | : | |
| COMPANY, LLC, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
May 3, 2016

Pending before this Court is a motion to dismiss for failure to state a claim

upon which relief can be granted, pursuant to Federal Rule of Civil Procedure

12(b)(6), filed by Defendants Penn Village Facility Operations, LLC d/b/a Manor

at Penn Village and Consulate Management Company, LLC (hereinafter

collectively "Defendants") against Plaintiff Ralph Oberdorf (hereinafter "Mr.

Oberdorf").[1] The motion seeks to dismiss Mr. Oberdorf's claims of gender

discrimination, hostile work environment, and retaliation in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq*. (hereinafter "Title

VII"), or in the alternative, Mr. Oberdorf's request for punitive damages.

---

[1] ECF No. 7.

Defendants have not filed a reply brief, the time for briefing has concluded, and this matter is now ripe for disposition. For the reasons discussed, Defendants' motion is granted in part and denied in part. Plaintiff is granted leave to amend in accordance with the Court's decision.

## I. BACKGROUND

Mr. Oberdorf was employed for approximately two years as a Licensed Practical Nurse at Penn Village Facility Operations, LLC, a predominately female-staffed skilled nursing facility located in Selinsgrove, Pennsylvania. According to Mr. Oberdorf's complaint, during the course of his employment, he was supervised by April (whose last name is curiously unknown), the Assistant Director of Nursing. Mr. Oberdorf alleges that, while under April's supervision, he was subjected to disparate treatment and discriminatory harassment based on his gender. He states that April made derogatory comments including, but not limited to, statements that Mr. Oberdorf must be gay because he is a male nurse and that she could not believe that he was a straight male nurse. Mr. Oberdorf further alleges that he was treated in a rude and condescending manner and was disparately disciplined when compared to his female co-workers. In response, Mr. Oberdorf complained multiple times to management, who failed to investigate or resolve the issue. Mr. Oberdorf's employment was terminated shortly after his last complaint of gender discrimination.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[5] In two landmark decisions, *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[6] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v.*

---

[2] *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (quoting *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[3] *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984)).

[4] *Neitzke*, 490 U.S. at 327.

[5] Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).

[6] 550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.

*Gibson* and replaced it with a more exacting "plausibility" standard.[7]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[10] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[11]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[13]

---

[7]  *Iqbal*, 556 U.S. at 670 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[8]  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).

[9]  *Iqbal*, 556 U.S. at 678.

[10]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. Jan. 11, 2016) (Jordan, J.) (internal quotations and citations omitted).

[11]  *Twombly*, 550 U.S. at 556.

[12]  *Iqbal*, 556 U.S. at 679.

[13]  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[14] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[15] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[16] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[18]

[14] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[15] *Iqbal*, 556 U.S. at 678 (internal citations omitted).
[16] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).
[17] *Iqbal*, 556 U.S. at 678.
[18] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

# III. DISCUSSION

Mr. Oberdorf filed one Count, with three parts, alleging violations of Title VII.[19] Defendants seek dismissal of the complaint in its entirety, or in the alternative, denial of Mr. Oberdorf's punitive damages request. Defendants argue that Mr. Oberdorf has failed to allege sufficient facts and simply cites the bare legal elements of gender discrimination, retaliation, and hostile work environment.

## A. Gender Discrimination

Title VII provides that "[i]t shall be an unlawful employment practice . . . to discriminate against any individual . . . because of . . . sex."[20] To state a *prima facie* case of gender discrimination, a plaintiff must prove that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination.[21]

Under Title VII, a plaintiff may proceed under either the pretext theory[22] or the mixed-motive[23] theory. Under the pretext theory, the plaintiff must prove that his protected status was the "determinative" factor for the adverse employment

---

[19] Mr. Oberdorf also states that he intends to move to amend his complaint to include violations of the Pennsylvania Human Relations Act after full administrative exhaustion before the Pennsylvania Human Relations Commission.

[20] 42 U.S.C. § 2000e 2(a)(1).

[21] *See, e.g., Wooler v. Citizens Bank*, 274 Fed. App'x 177, 180 (3d Cir. 2008) (*citing Texas Dep't of Cmty. Affairs v. Burdline*, 450 U.S. 248, 253 (1981)).

[22] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (sets forth the pretext theory of discrimination).

[23] *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (sets forth mixed-motive theory of discrimination).

action.[24] Alternatively, under the mixed-motive theory, a plaintiff must prove that his protected status was only a "motivating" factor for the adverse employment action and that the employment action was made based on both legitimate and illegitimate reasons.[25] A plaintiff need not specify under which theory he intends to proceed prior to engaging in discovery so long as "prior to instructing the jury, the judge decides whether one or both theories applies."[26]

Pursuant to *Twombly* and *Iqbal*, this Court must first identify and exclude statements that are mere legal conclusions and consider all other allegations in the light most favorable to Mr. Oberdorf.[27] Mr. Oberdorf has pled that he is an adult male and had been employed by Defendants at a predominantly female-staffed facility for approximately two years prior to his termination.[28] Mr. Oberdorf also pled that he was terminated for reasons "not resulting in the termination of other non-male employees" shortly after the last time he complained to Defendants' management regarding the "rude and condescending manner" in which he was treated, the selective enforcement of policies against only him, and discipline inflicted on him for actions taken by female employees who were not likewise disciplined.[29]

---

[24] *Connelly*, 809 F.3d at 788 (*citing Watson v. Southeastern Pennsylvania Transp. Authority*, 207 F.3d 207, 214-20).
[25] *Id.* (*citing Watson*, 207 F.3d at 214-20.)
[26] *Id.* at 788 (*citing Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1097 (3d Cir.1995)).
[27] *Connelly*, 809 F.3d at 787.
[28] ECF No. 1 at ¶¶ 13, 14, 15.
[29] *Id.* at ¶¶ 18-21.

Mr. Oberdorf has pled sufficient facts to suggest that he was a member of a protected class, was otherwise qualified for the position that he held for approximately two years, that he was terminated from employment, and that his termination occurred under circumstances giving rise to an inference of unlawful discrimination. Accordingly, Mr. Oberdorf's gender discrimination claim survives Defendants' motion to dismiss.

## B. Retaliation

For a claim of retaliation to survive a motion to dismiss, a plaintiff must plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence that" 1) he engaged conduct protected by Title VII, 2) the defendant took an adverse action against the plaintiff, and 3) a causal link exists between the conduct and the adverse action.[30]

In support of his retaliation claim, Mr. Oberdorf pled that he "complained multiple times regarding the discriminatory and hostile work environment that he was being subjected to because of his gender" and that "[s]hortly after his last complaint of gender discrimination, [he] was terminated from Defendant for completely pretextual reasons not resulting in the termination of other non-male

---

[30] *Connelly*, 809 F.3d at 789 (*citing Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994)).

employees."[31] He then pled that he believes that "Defendants terminated him because of his gender and/or complaints of gender discrimination."[32]

This Court concludes that Mr. Oberdorf failed to plead sufficient facts to support his retaliation claim. While he successfully pleads that he engaged in protected conduct and that Defendants took an adverse action against him in terminating his employment, he fails to establish a causal link, other than to say that he was fired "shortly after" his last complaint. He does not provide any dates of his complaints or even the date of his termination, which he avers was in "February of 2015."[33] He also indicates that he was fired for "completely pretextual reasons not resulting in the termination of other non-male employees" but fails to state the allegedly pretextual reason for which he was fired. Mr. Oberdorf has consequently failed to plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence that" that a causal link existed between his complaints to management and his termination. Mr. Oberdorf's retaliation claim is consequently dismissed; he is, however, granted leave to amend his complaint.

## C. Hostile Work Environment

To establish a prima facie claim under a theory of hostile work environment, a plaintiff must show that 1) he suffered intentional discrimination based on his

---

[31] ECF No. 1 ¶¶ 20-21.
[32] *Id.* at ¶ 22.
[33] *Id.* at ¶ 14.

sex, 2) the discrimination was pervasive and regular, 3) the discrimination

detrimentally affected him, 4) the discrimination would detrimentally affect a

reasonable person of the same sex in the same position, and 5) the existence

of *respondeat superior* liability.[34]  To be actionable, "the workplace [must be

found to be] permeated with discriminatory intimidation, ridicule, and insult . . .

that is sufficiently severe or pervasive to . . . create an abusive working

environment."[35]

Like his retaliation claim, Mr. Oberdorf has failed to allege sufficient facts

for his hostile work environment claim to survive the motion to dismiss. Mr.

Oberdorf has however successfully pled sufficient facts to establish that he was

discriminated against because of his sex. He also sufficiently pled facts to establish

that "management" knew of the discrimination but failed to investigate or resolve

the issue.[36] Mr. Oberdorf pled sufficient facts to support the first and fifth elements

of a prima facie hostile work environment claim.

Mr. Oberdorf also pled that April made "multiple derogatory comments" and

provided an example of one of her statements.[37] He failed to plead, however, if the

multiple comments were made on separate or on one occasion and did not provide

any dates or even a range of dates, other than to say that he began experiencing

---

[34] *Burgess v. Dollar Tree Stores, Inc.*, 2016 WL 496236, *2 (3d Cir. Feb. 9, 2016)(*citing Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009)).
[35] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).
[36] *Id.* at ¶ 20.
[37] ECF No. 1 at ¶ 18.

discrimination "[w]hile under the supervision of April."[38] Mr. Oberdorf also pled

no facts whatsoever concerning the detrimental effect of the discrimination he

suffered. Mr. Oberdorf thus failed to establish any support for the second, third, or

fourth elements of this claim. Accordingly, Mr. Oberdorf's claim of hostile work

environment is dismissed, without prejudice.

## D. Punitive Damages

A plaintiff may recover punitive damages under Title VII for intentional

discrimination if he "demonstrates that the respondent engaged in ... discriminatory

practices with malice or with reckless indifference to ... federally protected

rights."[39] "Punitive damages are not a favorite of the law" and are "[u]sually

assessed both as an example and as a warning against particularly egregious

conduct, such damages serve both punitive and deterrent functions."[40] Because a

remedy of punitive damages is utilized as a deterrent, it is applicable in cases

where "the defendant's conduct amounts to something more than a bare violation

justifying compensatory damages or injunctive relief."[41] Punitive damages may be

appropriate where a plaintiff can show that the defendant "acted with actual

---

[38] *Id.* at ¶ 17.
[39] 42 U.S.C. § 1981a(b)(1); *see also Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 79 n. 2 (3d Cir. 2009).
[40] *Cochetti v. Desmond*, 572 F.2d 102, 105 (3d Cir. 1978).
[41] *Id.* at 106.

knowledge that he was violating a federally protected right or with reckless disregard of whether he was doing so."[42]

Mr. Oberdorf alleges that he "complained multiple times to Defendants' management regarding the discriminatory and hostile work environment that he was being subjected to because of his gender; however, Defendants' management never properly investigated or resolved his concerns of discrimination."[43] While Mr. Oberdorf's single statement on the matter offers minimal information, he has nevertheless pled that Defendants had knowledge of the discrimination he was experiencing and that they failed to act. Mr. Oberdorf may proceed to discovery to gather evidence, should it exist, for his punitive damages request.

## IV. CONCLUSION

In accordance with the foregoing analysis, Defendants' motion to dismiss[44] is granted in part and denied in part. Mr. Oberdorf's claim of gender discrimination survives the motion to dismiss, as does his request for punitive damages. Mr. Oberdorf's claims of retaliation and hostile work environment are dismissed without prejudice. Mr. Oberdorf is granted leave to amend his complaint in accordance with this Memorandum.

---

[42] *Id.*
[43] ECF No. 1 at ¶ 20.
[44] ECF No. 7.

An appropriate Order follows.


BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge